IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN OUM,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No.: 20-cv-1970 |
| | : | |
| **CAROL DOUGHERTY, et al.** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**SITARSKI, M.J.**                                                                                                   **March 25, 2021**

Presently pending before the Court is Defendant Carol Dougherty's Partial Motion to Dismiss (ECF No. 4) and Plaintiff's response thereto (ECF No. 6). For the reasons that follow, Defendant's motion is **DENIED**.

### I.     FACTUAL AND PROCEDURAL HISTORY

On November 18, 2019, Defendant allegedly rear-ended Joel Azeff's[1] vehicle, pushing it into Plaintiff's vehicle. (Compl., ECF No. 1, at ¶¶ 6, 10). On April 21, 2020, Plaintiff filed a single-count negligence complaint alleging that the accident resulted from Defendant's negligence, recklessness and/or carelessness . . . ." (*Id.* at ¶ 14). Defendant filed the instant motion seeking to dismiss all allegations of "recklessness" on May 18, 2020. (Mot. to Dismiss, ECF No. 4). Plaintiff filed his response on May 26, 2020. (Resp. to Mot. to Dismiss, ECF No. 6).

### II.    LEGAL STANDARD

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all

---

[1] Plaintiff initially named Azeff as a defendant as well, but the parties stipulated to the dismissal of all claims against him on November 23, 2020. (Stip. of Dismissal, ECF No. 24).

factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)) (internal quotations omitted). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[This] plausibility standard is not . . . a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). Under this standard, the court assesses the "well-pleaded, nonconclusory factual allegation[s] [of the plaintiff's claim . . . to determine" whether it states a plausible claim for relief. *Iqbal*, 556 U.S. at 680.

**III.   DISCUSSION**

Defendant contends that the complaint lacks facts to support Plaintiff's allegations that she acted recklessly, and, as such, the Court should dismiss any claim of recklessness. (Br. in Supp. of Mot. to Dismiss, ECF No. 4, at 5). She maintains that Plaintiff fails to allege that she subjectively appreciated or consciously disregarded the risk of harm. (*Id.*) She argues that her alleged conduct amounts only to negligence, at most. (*Id.*) In response, Plaintiff points to

several averments that he asserts constitute recklessness.  (Br. in Supp. of Resp. to Mot. to Dismiss, ECF No. 6).  Plaintiff pleads that Defendant caused a three-car rear-end collision by operating her vehicle at a high rate of speed while failing to maintain adequate distance from the vehicles in front of hers, in violation of the rules, laws and ordinances governing operation of motor vehicles in Pennsylvania.  (Compl., ECF No. 1, at ¶¶ 10, 14(a), (d), (f)-(g), (l), (t)).

"Recklessness is distinguishable from negligence on the basis that recklessness requires conscious action or inaction which creates a substantial risk of harm to others, whereas negligence suggests unconscious inadvertence." *Tayar v. Camelback Ski Corp.*, 47 A.3d 1190, 1200 (Pa. 2012).  The Pennsylvania Supreme Court has approved the Restatement (Second) of Torts' definition of "reckless disregard," as well as its commentary clarifying that definition and how it differs from negligence:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.
>
> . . . .
>
> [Recklessness] must not only be unreasonable, but it must involve a risk of harm to others substantially in excess of that necessary to make the conduct negligent.
>
> . . . .
>
> Reckless misconduct differs from negligence in several important particulars.  It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency, in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man . . . .  The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary

> to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind.

*Id.* at 1200-01 (quoting Restatement (Second) of Torts § 500 & cmts. a, g (1965)).

Unlike negligence, recklessness may permit a party to recover punitive damages. "To support a claim for punitive damages under Pennsylvania law, the plaintiff must demonstrate that the defendant acted outrageously due to either the defendant's 'evil motive or his reckless indifference to the rights of others.'" *Taylor v. Lemus*, No. 16-5407, 2017 WL 952344, at *4 (E.D. Pa. Mar. 10, 2017) (quoting *Phillips v. Cricket Lighters*, 883 A.2d 179, 188–89 (Pa. 2005)).

Courts have reached varying results when faced with motions to dismiss or strike claims of recklessness based on an accident like the one Plaintiff alleges here. In *Van Horn v. Maisano*, No. 4484 CV 2013, 35 Pa. D. & C.5th 41, 2013 WL 10620349, at *2 (Monroe Com. Pl. Ct. Dec. 3, 2013), the court dismissed a claim of recklessness where the plaintiffs alleged that the defendant turned his vehicle into their oncoming vehicle to avoid rear-ending another vehicle. In *Roma v. Finney*, No. C-48-CV-2014-8557, 46 Pa. D. & C.5th 64, 2015 WL 13778388, at *1-2 (Northampton Com. Pl. Ct. Feb. 23, 2015), the court struck allegations of recklessness based on a rear-end collision as immaterial to plaintiff's lone cause of action, negligence. However, in *Menarde v. Tri-State Professional*, No. 16-05560, 2017 WL 2547299, at *2 (E.D. Pa. June 13, 2017) (Perkin, M.J.), the court denied a motion to dismiss allegations of recklessness stemming from a rear-end collision.

None of these cases bind this Court. Nonetheless, I find *Menarde* persuasive and reach the same result. As in that case, Plaintiff alleges that Defendant caused a multi-car rear-end collision by driving too fast and too close in violation of Pennsylvania motor vehicle rules, laws and ordinances. (*Compare* Compl., ECF No. 1, at ¶¶ 10, 14(a), (d), (f)-(g), (l), (t), *with Menarde*,

2017 WL 2547299, at *1).  Taking the allegations of the complaint in the light most favorable to Plaintiff, speeding while tailgating or otherwise following too closely could establish recklessness.  *See Menarde*, 2017 WL 2547299, at *2.  Further, unlike in *Roma*, I do not find the allegations of recklessness immaterial on the basis that Plaintiff captioned her claim as one for negligence rather than recklessness.  *See Taylor*, 2017 WL 952344, at *1-2 (denying motion to dismiss allegations of recklessness even though claim was captioned as negligence); *see also Menarde*, No. 16-05560 (E.D. Pa. Oct. 24, 2016) (complaint did not specify claim, but motion to dismiss recklessness allegations later denied).  Accordingly, I shall deny Defendant's motion.

IV. **CONCLUSION**

For the foregoing reasons, the Court denies Defendant's Partial Motion to Dismiss.

BY THE COURT:

   /s/ Lynne A. Sitarski   
LYNNE A. SITARSKI
United States Magistrate Judge