# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN OUM, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | No.: 20-cv-1970 |
| | : | |
| CAROL DOUGHERTY, et al. | : | |
|     Defendants. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                                                                                 May 21, 2021

      Presently pending before the Court is Defendant's Partial Motion for Summary Judgment (ECF No. 31) and Plaintiff's response thereto (ECF No. 34). For the reasons that follow, Defendant's motion is **GRANTED**.

## I.     FACTUAL AND PROCEDURAL HISTORY

      This matter arises from a three-vehicle rear-end automobile accident on November 18, 2019, in Plymouth Township, Pennsylvania. (Def.'s Mot. for Partial Summ. J., ECF No. 31, at ¶ 5). Defendant was driving on Sandy Hill Road within the posted speed limit of 35 miles per hour without another vehicle directly in front of her. (Def. Dep. Tr., ECF No. 31-1, at 16:16-20, 17:14-19). She looked away briefly to pull a tissue from a tissue box to her right on top of the center console of the vehicle. (*Id.* at 16:16-20). When she looked back, a vehicle, driven by Joel Azeff,[1] had stopped in front of her. (*See id.* at 17:14-20). Defendant braked, but not in time to avoid hitting Azeff's vehicle and pushing it three to four feet into the back of Plaintiff's vehicle. (*Id.* at 17:24; Azeff Dep. Tr., ECF No. 31-2, at 8:3-6). Azeff characterized his vehicle's contact

---

[1] Plaintiff initially named Azeff as a defendant as well, but the parties stipulated to the dismissal of all claims against him on November 23, 2020. (Stip. of Dismissal, ECF No. 24).

with Plaintiff's vehicle as "just a tap." (Azeff Dep. Tr., ECF No. 31-2, at 12:10-13). Azeff inspected the front of his vehicle but saw no scratches, paint transfer or other damage. (*Id.* at 13:2-10). (Vehicle Photographs, ECF No. 34, at Ex. B). Photographs of the rear of Plaintiff's vehicle show scratches, a loose bumper step pad, and a small crack on the bottom left corner of the bumper.[2] (Vehicle Photographs, ECF No. 34, at Ex. B). Plaintiff's vehicle's airbags did not deploy. (Pl. Dep. Tr., ECF No. 31, at 22:4-6).

After the accident, Defendant did not approach Azeff or Plaintiff to speak to either. (Pl. Dep. Tr., ECF No. 31, at 18:15-18). She testified that she was afraid to do so and also had extreme pain in her legs. (*Id.*). She spoke only to first responders. (*Id.* at 18:11-18).

In a memorandum and order dated March 26, 2021, the Court denied Defendant's partial motion to dismiss any claim of recklessness by Plaintiff.[3] (Memo., ECF No. 29; Order, ECF No. 30). Defendant filed the instant partial motion for summary judgment to dismiss any claim of recklessness the same day. (Def.'s Mot. for Summ. J., ECF No. 31). Plaintiff filed his response on April 15, 2021. (Pl.'s Resp., ECF No. 34).

II. **LEGAL STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An

---

[2] Although Azeff saw no corresponding damage to the front of his vehicle, the Court assumes for purposes of this motion only that the damage to Plaintiff's vehicle resulted from the impact of Defendant's vehicle pushing Azeff's into the bumper of Plaintiff's vehicle.

[3] Plaintiff styles his claim as one for "Negligence" but refers throughout the complaint to Defendant's "recklessness." (*See* Compl., ECF No. 1, at ¶¶ 10-11, 14-15, 17, 19, 22, 23, 25, 27).

issue is "genuine" if there is sufficient evidence from which a jury could find in favor of the non-moving party. *Id.* It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party carries this initial burden, the non-moving party must "come forward with specific facts showing there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The non-moving party must present something more than mere allegations, general denials, vague statements, or suspicions. *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992); *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Instead, the non-moving party must present specific facts and "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. If the non-moving party has the burden of proof at trial, then that party must establish the existence of each

element on which it bears the burden.[4] *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

Defendant moves for summary judgment as to any claim of recklessness by Plaintiff on the basis that he has failed to introduce evidence demonstrating a prima facie case sufficient to establish "recklessness". (Def.'s Memo. in Supp. of Mot. for Partial Summ. J., ECF No. 31, at 15). Defendant acknowledges "no bright line rule" exists, but points to other automobile accident cases in which Pennsylvania courts determined that the evidence of recklessness *was* sufficient to allow those claims to proceed to a jury. (*Id.* at 15-16 (citing *Kairamanov v. LaFalce*, 35 Pa. D. & C.5th 53, 55 (Monroe Com. Pl. Ct. 1997); *Focht v. Rabada*, 268 A.2d 157 (Pa. Super. Ct. 1970); *Livingston v. Greyhound Lines, Inc.*, 208 A.3d 1122 (Pa. Super. Ct. 2019))). Defendant contrasts the evidence in this case and argues that the evidence here is insufficient to establish recklessness. (*Id.* at 16-17). In response, Plaintiff does not liken

---

[4] In the legal standard section of Plaintiff's brief, he quotes *Schroeder v. Commonwealth, Department of Transportation*, 710 A.2d 23 (Pa. 1998), a case *citing Nanty-Glo v. American Surety Co.*, 163 A. 523 (1932), for the proposition that "[o]ral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact." (Pl.'s Memo. in Resp., ECF No. 34, at 14). "Whatever effect the *Nanty-Glo* rule may have on state practice, reliance on this rule is misplaced in the instant federal case, as courts in this circuit have consistently found that this state-law procedural rule has no application to motions for summary judgment in federal court." *Seeley ex rel. Shepard v. Derr*, No. 4:12–CV–917, 2013 WL 3776424, at *3 (M.D. Pa. July 17, 2013) (citing *Schmitt v. State Farm Ins. Co.*, Civ. A. No. 09–1517, 2011 WL 4368400, at *13 (W.D. Pa. Aug. 12, 2011); *NGM Ins. Co. v. Stoltzfus Constr., LLC*, Civ. A. No. 09–CV–01717, 2011 WL 397667, at *5 (M.D. Pa. Jan. 10, 2011); *Tarlecki v. Mercy Fitzgerald Hosp.*, Civ. A. No. 01–1347, 2002 WL 1565568, at *1 n.1 (E.D. Pa. July 15, 2002)). "Indeed, it is well-settled that the court may rely upon testimonial evidence in reaching a decision on a summary judgment motion." *Id.* (citing *Waskovich v. Morgano*, 2 F.3d 1292 (3d Cir. 1993)). Federal Rule of Civil Procedure 56(c) "plainly contemplates" the use of testimonial evidence to support a motion under that rule. *Id.* (FED. R. CIV. P. 56(c)). "Therefore, in resolving this motion we can, and must, consider what the undisputed testimonial evidence shows." *Id.*

Defendant's conduct to that of the defendant-drivers in her cited cases, nor does he cite any cases in which a court held that conduct similar to Defendant's in this case suffices to establish recklessness. (*See generally* Pl.'s Memo. in Resp., ECF No. 34). Nonetheless, he argues that "there exists genuine issues of material fact as to whether defendant acted recklessly in this accident." (*Id.* at 14).

"Recklessness is distinguishable from negligence on the basis that recklessness requires conscious action or inaction which creates a substantial risk of harm to others, whereas negligence suggests unconscious inadvertence." *Tayar v. Camelback Ski Corp.*, 47 A.3d 1190, 1200 (Pa. 2012). The Pennsylvania Supreme Court has approved the Restatement (Second) of Torts' definition of "reckless disregard," as well as its commentary clarifying that definition and how it differs from negligence:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.
>
> . . . .
>
> [Recklessness] must not only be unreasonable, but it must involve a risk of harm to others substantially in excess of that necessary to make the conduct negligent.
>
> . . . .
>
> Reckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency, in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man . . . . The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary

5

> to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind.

*Id.* at 1200-01 (quoting Restatement (Second) of Torts § 500 & cmts. a, g (1965)).

"Pennsylvania precedent analyzing the parameters of wanton or reckless conduct has customarily done so in connection with challenges to the viability of punitive damages claims." *Freethy v. Goike*, No. 11 CV 530, 2011 WL 7177007 (Lackawanna Com. Pl. Ct. Sept. 9, 2011) (citing *Daniel v. Wyeth Pharms. Inc.*, 15 A.3d 909, 928-931 (Pa. Super. Ct. 2011); *Hutchison ex rel. Hutchison v. Luddy*, 896 A.2d 1260, 1265-66 (Pa. Super. Ct. 2006)). Unlike negligence, recklessness may permit a party to recover punitive damages. "To support a claim for punitive damages under Pennsylvania law, the plaintiff must demonstrate that the defendant acted outrageously due to either the defendant's 'evil motive or his reckless indifference to the rights of others.'" *Taylor v. Lemus*, No. 16-5407, 2017 WL 952344, at *4 (E.D. Pa. Mar. 10, 2017) (quoting *Phillips v. Cricket Lighters*, 883 A.2d 179, 188–89 (Pa. 2005)).

Under Pennsylvania law, "[p]unitive damages claims have been permitted against motorists in narrow sets of circumstances indicating unreasonable actions by defendants in conscious disregard of known or obvious risks which pose a high probability of harm to others." *Rockwell v. Knott*, 32 Pa. D. & C.5th 157 (Lackawanna Com. Pl. Ct. 2013) (collecting cases). These circumstances include driving while intoxicated, *Focht*, 268 A.2d at 160; *Kairamanov*, 35 Pa. D. & C.5th at 55; *Schwab v. Bates*, 12 Pa. D. & C.4th 162, 167-68 (Westmoreland Com. Pl. Ct. 1991); driving a truck with an unevenly distributed load and obscured side mirror while speeding and changing lanes without signaling, *Dillow v. Myers*, 916 A.2d 698, 702 (Pa. Super. Ct. 2007), *appeal denied*, 594 Pa. 713, 937 A.2d 445 (2007); ignoring a stop sign and speeding in a construction zone, *Freethy*, No. 11 CV 530, 2011 WL 7177007; purposefully driving a truck into a home after its brakes failed, *Hough v. Meyer*, 55 Pa. D. & C.4th 473, 476-77, 493 (Fayette

Com. Pl. Ct. 2002); continuing to drive a bus after "slumping," head "bob[bing]" and swerving in and out of the lane, after consuming an energy drink, *Livingston*, 208 A.3d at 1130-31; continuing to drive after having fallen asleep twice already, *Claypoole v. Miller*, 43 Pa. D. & C.4th 526, 527 (Butler Com. Pl. Ct. 1999); and "applying one's brakes while traveling at a high rate of speed with the knowledge that there is a vehicle directly behind you also traveling at a high rate of speed and other vehicles on the same roadway moving at a much slower speed . . . ." *Faust v. Stish*, 43 Pa. D. & C. 4th 134, 138 (Monroe Com. Pl. Ct. 1999).

In the Court's memorandum on Defendant's motion to dismiss the recklessness claim, I left open the possibility that "speeding while tailgating or otherwise following too closely could establish recklessness." (Memo., ECF No. 29, at 5 (citing *Menarde v. Tri-State Pro.*, No. 16-05560, 2017 WL 2547299, at *2 (E.D. Pa. June 13, 2017))). However, discovery has closed without uncovering evidence to establish such facts. Instead, the undisputed evidence shows that Defendant was traveling within the posted speed limit of 35 miles per hour without another vehicle immediately in front of her when she diverted her eyes from the road momentarily to retrieve a tissue from a tissue box atop the center console. (Def. Dep. Tr., ECF No. 31-1, at 16:6-13, 16-20, 17:14-19). When she looked back, Azeff's vehicle had stopped in front of her. (*See id.* at 17:14-20). She braked, but too late to avoid colliding with it and pushing it three to four feet into Plaintiff's vehicle in front of it. (*Id.* at 17:24; Azeff Dep. Tr., ECF No. 31-2, at 8:3-6). Azeff described his vehicle's contact with Plaintiff's vehicle as "just a tap" and did not see scratches, paint transfer, or other damage to the front of his vehicle. (*Id.* at 12:10-13, 13:2-10). Plaintiff's vehicle's airbags did not deploy and photographs of the rear of his vehicle appear to show only minimal damage confined to the bumper area. (Pl. Dep. Tr., ECF No. 31, at 22:4-6; Vehicle Photographs, ECF No. 34, at Ex. B).

Although a reasonable jury could find that Defendant's actions constitute negligence, it could not find that they make out recklessness. Notably, there is no evidence that Defendant operated her vehicle while intoxicated, *see Focht*, 268 A.2d at 160; *Kairamanov*, 35 Pa. D. & C.5th at 55; *Schwab v*, 12 Pa. D. & C.4th at 167-68; while falling asleep, *see Livingston*, 208 A.3d at 1130-31;*Claypoole*, 43 Pa. D. & C.4th at 527; or while it was in an unsafe condition. *See Dillow v. Myers*, 916 A.2d at 702. She did not cause the accident on purpose, *see Hough*, 55 Pa. D. & C.4th at 476-77, 493; *cf. Faust*, 43 Pa. D. & C. 4th at 138; and she was not driving in a construction zone, which "arguably requires greater care and caution by motorists . . . ." *Freethy*, No. 11 CV 530, 2011 WL 7177007. Her momentary lapse in attention in taking her eyes off the road to retrieve a tissue from atop the center console may have been negligent, but it does not show the type of "conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," required for recklessness. *Tayar*, 47 A.3d at 1200-01 (quoting Restatement (Second) of Torts § 500 cmt. g).

Plaintiff contends that a jury could find recklessness based upon the accident photographs and the facts that Defendant's vehicle pushed Azeff's into Plaintiff's three to four feet away and that Defendant did not exit her vehicle to speak with Azeff or Plaintiff. (Pl.'s Memo. in Resp., ECF No. 34, at 14). Plaintiff cites no case law in which a court has held that similar facts supported a finding of recklessness, nor has he retained an expert witness to opine on the accident. Further, the Court has reviewed the photographs of the parties' vehicles, and while they do show damage to Defendant's vehicle, they appear to show only scratches, a loose bumper step pad, and one small crack at the extreme bottom left of the bumper of Plaintiff's vehicle. (Vehicle Photographs, ECF No. 34, at Ex. B). The Court cannot conclude that the relatively short distance Defendant's vehicle pushed Azeff's vehicle demonstrates that Defendant

was driving recklessly, particularly where the contact between Azeff's and Plaintiff's vehicles was "just a tap" that caused no apparent damage to Azeff's vehicle. (Azeff Dep. Tr., ECF No. 31-2, at 12:10-13, 13:2-10). Finally, Defendant's failure to exit her vehicle to speak to Azeff or Plaintiff does not retroactively establish that she was driving recklessly prior to the accident. Defendant testified that she did not approach the other drivers because she was afraid and had extreme pain in her legs following the accident. (Pl. Dep. Tr., ECF No. 31, at 18:15-18). Where courts have considered a driver's post-accident actions in determining recklessness, it appears that the driver's conduct, both before and after the accident, was substantially more egregious than here. *See, e.g., Kairamanov*, 35 Pa. D. & C.5th at 55 (considering the fact that a drunk driver fled and was apprehended by the police after the accident).

In short, no reasonable jury could find that the evidence supports the conclusion that Defendant acted recklessly. Accordingly, the Court shall grant Defendant's motion and enter judgment in her favor as to any claim of recklessness asserted by Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Partial Motion for Summary Judgment.

BY THE COURT:

   /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge